FILED IN OPEN COURT
DATE  5/21/19
BY  [signature]
DEPUTY CLERK

HARRISONBURG DIVISION, W.D. of VA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:19CR00016 |
| v. | |
| BRYAN LEE ESTEP | |

## STATEMENT OF FACTS

This Statement of Facts briefly summarizes the facts and circumstances surrounding the defendant's criminal conduct. It does not necessarily contain all the information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation. The offense(s) described below occurred within the Western District of Virginia.

This statement of facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410, and Federal Rule of Criminal Procedure 11, in the event that the defendant is ultimately charged with and does not plead guilty in connection with the offense(s) outlined below and identified in the plea agreement.

If this matter were to proceed to trial, the United States of America would prove, by relevant and admissible evidence, beyond a reasonable doubt the following:

1. On August 22, 2018, Luray Police Department officers had probable cause to stop and did stop the defendant's vehicle near Luray, Virginia. Thereafter, a police canine alerted to the presence of narcotics in the driver's side door of the vehicle. Additionally, as the defendant stepped out of the vehicle, a syringe was visible in his pants' pocket and fell to the ground.

2. Officers searched the vehicle and found the following items of interest:

    A. On the passenger seat of the vehicle was a black zipper wallet containing two plastic baggies containing a large quantity of methamphetamine and the defendant's Virginia Driver's License;

    B. On the driver's seat of the vehicle, multiple syringes were found lying on the seat and the floorboard;

1

    C.    In the driver's-side door, another plastic baggie of methamphetamine was located;

    D.    In the trunk of the vehicle, inside a lunch box, a smaller plastic baggie containing methamphetamine was found;

    E.    A black pouch containing drug paraphernalia;

    F.    Estep's cell phone; and,

    G.    Crystal residue inside a vacuum cleaner in the vehicle.

3.    On the same day, after advising the defendant of his Miranda rights and having him execute a Miranda rights waiver form, officers interviewed the defendant, who made the following statements:

    A.    He knew he had been stopped because of the approximately three ounces of methamphetamine that was found in his car;

    B.    He had used methamphetamine for the first time in December of 2017;

    C.    He had progressed from being a user of methamphetamine to someone who was buying large amounts of methamphetamine for distribution, and distributing it;

    D.    From late 2017 until he was arrested in August 2018 he (with the assistance of other individuals) had been picking up pounds of methamphetamine from someone in Oklahoma and driving back to Edinburg with it.;

    E.    He made three different trips with the assistance of other individuals to Oklahoma, where they had picked up approximately 19 pounds of methamphetamine (valued in excess of $79,000), and brought it back to Virginia ;

    F.    During his most recent trip he had picked up 15 pounds of methamphetamine and brought it back to Virginia; and,

      G.      He currently had approximately 7 pounds of methamphetamine in a cooler in his living room at his residence in Edinburg, VA.

4. On the same day, officers executed a search warrant at Estep's residence, where officers found additional methamphetamine and $36,580.

5. Laboratory Analysis conducted by the Virginia Division of Forensic Sciences confirmed that various items possessed by the defendant (in his vehicle and residence) contained methamphetamine:

    A.    Item 13 was determined to be $4.07 \pm 0.05$ grams of material, found to contain Methamphetamine (Schedule II).

    B.    Item 14 was determined to be $6.32 \pm 0.05$ grams of material, found to contain Methamphetamine (Schedule II).

    C.    Item 21 was determined to be $27.76 \pm 0.05$ grams of material, found to contain Methamphetamine (Schedule II).

    D.    Item 22 was determined to be $138.32 \pm 0.05$ grams of material, found to contain Methamphetamine (Schedule II).

    E.    Item 23 was determined to be $2444.54 \pm 0.05$ grams of material, found to contain Methamphetamine (Schedule II).

      I have reviewed the above Statement of Facts with my attorney and I agree that it is true and accurate. I further agree that the above facts are sufficient to convict me of the offense(s) to which I am pleading guilty.

May 3, 2019
Date

Bryan Lee Estep
Defendant

3

May 3, 2019
_____
Date

_____
Tom Weidner
Attorney for Defendant